# EDWARD FRIEDMAN
Attorney at Law

26 Court Street - Suite 1903
Brooklyn, New York   11242
Tel: (718) 852-8849
Fax: (718) 852-1489
email: edfriedmanlaw@aol.com

February 6, 2018

<u>Via ECF</u>

Hon. Magistrate Steven Tscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

        Re.:   Amanny Hennis v. The City, et al.
              17 CV 03458 (FB)(ST)

Your Honor:

    Pursuant to the Order of the Court and with the consent of the attorney for the defendants, the undersigned, attorney for the plaintiff, will file an amended summons and complaint in the above matter, such filing to take place today.

Respectfully yours,

EDWARD FRIEDMAN

/dw

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AMANNY HENNIS,

                                      Plaintiff,          AMENDED COMPLAINT

                  -against-

THE CITY OF NEW YORK, POLICE OFFICER      Jury Trial Demanded
CORY TIZZIO, Tax ID No. 957220, POLICE LT. YASER
SALIM, Tax ID No.: 935674, and JOHN and JANE DOE
1 and 2, Individually and in their official capacities (the    Docket No.:
names John and Jane Doe being fictitious, as the true      17 CV 3458 (FB)(ST)
names are presently unknown),

                                      Defendants.
------------------------------------------------------------------x

Plaintiff, AMANNY HENNIS, by his attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

1

## VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff AMANNY HENNIS is a legal resident of the United States and a resident of the State of New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.  That at all times hereinafter mentioned, the defendants, CORY TIZZIO and JOHN and JANE DOE 1 Through 3 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On August 13, 2016, at approximately 3:45 P.M plaintiff was lawfully operating a motor vehicle at the northeast corner of East 100th Street and Flatlands Avenue, in the County of Kings, City of New York.

14. The vehicle was pulled over for an alleged traffic violation and all the occupants of the vehicle were asked by defendant officers to exit.

15. The defendant officers arrested the plaintiff unlawfully and without reasonable suspicion or probable cause for possession of a lit marijuana cigarette that was allegedly found inside the vehicle.

16.. The plaintiff was taken, in handcuffs, to the 79th Precinct in Kings County, City and State of New York, where he was held in custody for several hours.

17. Plaintiff was released from the courthouse, without being arraigned after the Brooklyn District Attorney's office declined to prosecute.

18. As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C.§1983)

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

21. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

24. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

25. As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest Under 42 U.S.C. §1983)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. The defendants unlawfully arrested the plaintiff against his will without probable cause.

28. As a result of the foregoing, plaintiff was deprived of his Fourth and Fourteenth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability Under 42 U.S.C. §1983)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

31. As a result of the aforementioned conduct of defendants, plaintiff was injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure To Intervene Under 42 U.S.C. §1983)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

34. The defendants failed to intervene to prevent the unlawful conduct described herein.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

36. As a result of the foregoing, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff demand judgment and prays for the following relief, jointly and severally, against the defendants:

    A.    Full and fair compensatory damages in an amount to be determined by a jury;

    B.    Punitive damages in an amount to be determined by a jury;

    C.    Reasonable attorney's fees and the costs and disbursements of their actions; and

    D.    Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
         February 1, 2018

/s/
EDWARD FRIEDMAN (EDF 4000)
Attorney for Plaintiff

26 Court Street - Suite 1903
Brooklyn, New York   11242
(718) 852-8849

7